953 F.2d 1384
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jacquelyn GRAVES, Plaintiff Counter-Defendant-Appellant
v.
Edward J. OZOG, Sr., Individually and as Mayor of the
Village of Oakwood; VILLAGE OF OAKWOOD,
Defendants Counter-Claimants-Appellees.
 No. 91-3669.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1992.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This Ohio plaintiff appeals the district court's summary judgment dismissing her civil rights complaint filed under 42 U.S.C. § 1983. Counsel for the parties have waived oral argument. Rule 9(c), Rules of the Sixth Circuit. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jacquelyn Graves claimed that defendants, the mayor and the Village of Oakwood ("the Village"), deprived her of due process by denying her a hearing incident to her termination as village finance director. In an amended complaint she claimed that she was discharged in violation of her First Amendment right of freedom of expression.
 
 
 3
 Defendants filed an answer and counter-claim of negligence and misfeasance in which they alleged that plaintiff did not properly perform the duties of her office. Defendants also filed a motion for summary judgment and dismissal of Grave's complaint.
 
 
 4
 The district court entered summary judgment in favor of defendants. Defendants' pendent state law claims were dismissed for lack of jurisdiction. On appeal, Graves argues only that the Village charter created a property interest which entitled her to a hearing incident to her termination.
 
 
 5
 Upon review, we conclude that summary judgment was proper. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Material facts are not in dispute. From 1976 until January 1990, Graves was employed in the finance department of the Village, a chartered municipality. At the time of termination, she was finance director. Defendant Ozog served as mayor of the Village. He had advised Graves of problems with her work. Following his reelection as mayor, Ozog discharged Graves for alleged misfeasance. She was not provided a hearing incident to her termination.
 
 
 7
 Defendants are entitled to judgment as a matter of law because Graves did not have a constitutionally protected property interest in continued employment. Whether she was entitled to a due process hearing incident to her termination turns on whether she had a property interest under state law. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985).
 
 
 8
 Graves argues that the Village charter creates a property interest which would entitle her to a due process hearing. Her argument lacks merit. A public employee does not have a property interest in continued employment when his position is held at the will and pleasure of his superiors and when he has not been promised that he will only be terminated for good cause. Chilingirian v. Boris, 882 F.2d 200, 203 (6th Cir.1989). Graves held her position "at the pleasure of the mayor." See Sections 9.03 and 9.06, Charter of the Municipality of Oakwood Village, Ohio.
 
 
 9
 As noted by Graves, other sections of the charter require pretermination notice and a hearing for "officers" and "full-time employees" of the Village. See Sections 6.09 and 8.04. Conflicting sections must be reconciled by giving full effect to each. Chilingirian, 882 F.2d at 204. Section 6.09 provides that notice and hearing must precede removal of "any officer" by the Council. The section completes Article VI of the Charter referring to the nomination, election and qualification of elective officers. Section 8.04 provides that "[a]ny full-time employee ... shall have rights to a hearing ... in case of threatened removal ... as may be provided by the general laws of Ohio or by the Council, where it is competent for the Council to act." (Emphasis added.) Moreover, Section 9.03 of the charter, which states that the heads of the departments serve at the pleasure of the mayor, provides that removal of the law director requires five votes of Council. No similar authority is granted to the Council with regard to the finance director. Giving full effect to each section, we conclude that Graves did not have a property interest in continued employment and was not entitled to a termination hearing.
 
 
 10
 Accordingly, the district court's summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.